COMET CASUALTY COMPANY, Plaintiff-Appellee, *v.* HENRY JACKSON, Defendant-Appellant.

First District (5th Division)   No. 83—1695

Opinion filed March 9, 1984.—Rehearing denied July 11, 1984.

Arthur H. Levinson, of Michael D. Spinak & Associates, of Chicago, for appellant.

Orner, Wasserman & Moore, Ltd., of Chicago (Norton Wasserman, Esther Joy Schwartz, and Loretta M. Griffin, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from a summary judgment for plaintiff in its action seeking a declaration of the rights and liabilities of the parties under an automobile liability insurance policy issued to defendant by plaintiff. The sole issue on appeal is the propriety of the summary judgment.

It appears that defendant, while trying to prevent his automobile from being stolen, was struck by the car as the unknown thief drove it away. Defendant made a claim under the uninsured motorist provision of his policy for damages because of his injuries. Plaintiff denied coverage under that provision, and then brought this action seeking a declaratory judgment that it owed no coverage to defendant because the vehicle striking him (his own car) was not an uninsured automobile since it was covered by plaintiff's policy issued to defendant. In his answer to plaintiff's complaint, defendant admitted that he was

the owner of the vehicle involved and that it was covered by plaintiff's liability policy issued to him.

Plaintiff's motion for summary judgment was granted by the trial court which found, in effect, that plaintiff was not required to pay damages under the uninsured motorist provision of its policy because the vehicle striking him was an insured automobile for which there was no coverage. This appeal followed.

OPINION

It is the position of defendant that summary judgment was improper because he, the named insured, is precluded from recovering under the liability provision of his policy and thus his otherwise-insured automobile becomes uninsured as to him for the purposes of the uninsured motorist coverage.

Initially, we note that summary judgment should be granted only when the moving party is entitled to it as a matter of law (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c)), and in the instant case, we are to determine whether the trial court correctly found as a matter of law that defendant's vehicle was an insured automobile for which there was no coverage under the uninsured motorist provision of plaintiff's policy.

Defendant argues that while his automobile may have been insured as to all other persons, since he could not recover under the liability provision of his policy—and obviously could not recover from the unknown thief who was operating his car when he was struck by it—the policy definition of "uninsured automobile" as applied here is unduly restrictive. In support of his argument, defendant relies principally upon the reasoning in *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377, and the line of authority evolving therefrom. In *Barnes*, plaintiff was injured while riding in an automobile of which she was a co-owner and on which there was a liability insurance policy. Due to a policy exclusion, she was precluded from recovering under the liability provision, and the uninsured motorist provision specifically prescribed that "uninsured automobile" shall not include "an insured automobile." The trial court held that there was no coverage for plaintiff under the uninsured motorist provision, and this court affirmed. The supreme court, in reversing, first examined section 143(a) of the Illinois Insurance Code (the Code) (Ill. Rev. Stat. 1981, ch. 73, par. 755a), which requires insurers to include uninsured motorist coverage in all motor vehicle liability policies issued in Illinois, and, citing previous decisions in which that section was interpreted, the court stated:

"[T]he intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured." (*Barnes v. Powell* (1971), 49 Ill. 2d 449, 454, 275 N.E.2d 377, 379.) The court then went on to find that notwithstanding the fact that plaintiff's vehicle may have been insured as to all others, it was not insured as to her, since she was not afforded coverage under the liability provisions of her policy, and thus "her uninsured motorist coverage necessarily became effective in light of the legislative mandate." A virtually identical factual situation and issue was presented in *Madison County Automobile Insurance Co. v. Goodpasture* (1971), 49 Ill. 2d 555, 276 N.E.2d 289, which followed the holding in *Barnes*.

Similarly, in *Samack v. Travelers Insurance Co.* (1982), 111 Ill. App. 3d 61, 443 N.E.2d 765, plaintiff, an Illinois resident, was barred from recovering from the driver of the car with which she collided in a two-car accident in Florida because of that State's no-fault insurance statute. In an action for damages under the uninsured motorist provision of her own policy, we held that although the vehicle that struck her was insured for certain purposes, as to plaintiff it was uninsured, thereby entitling her to pursue her claim under the uninsured motorist coverage of her own policy.

*Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543, *appeal denied* (1981), 85 Ill. 2d 577, involved an appeal from a finding that there was no coverage under the uninsured motorist provision of a family auto liability policy issued to the father of the minor plaintiff who was injured while riding in the family car driven by his brother. Family members were precluded from recovering under the liability provision of the policy. Applying the reasoning in *Barnes*, the court concluded (a) that since liability coverage was unavailable to the plaintiff, the vehicle was uninsured as to him, and (b) he was entitled to coverage under the uninsured motorist provision.

Although plaintiff cites no contrasting legal authority on this issue, it argues that *Barnes* and the other cited cases are factually distinguishable from the case at bar. Specifically, plaintiff argues that, unlike the policies at issue in those cases, its policy does not expressly exclude the named insured from recovering under the liability provision, and it points out that defendant had not been denied coverage thereunder. We note, however, that the liability clause in plaintiff's policy states that it will "pay on behalf of the insured all sums which he shall become legally obligated to pay," and it includes as persons insured:

"(1) the named insured and * * *

(2) any other person using the automobile *to whom the named insured has given permission* \*\*\*." (Emphasis added.)

Thus, while it is true that there is no express exclusion of recovery to defendant under the liability provision of plaintiff's policy and that plaintiff has not as yet denied coverage under that provision, defendant's inability to recover thereunder is clear because the thief-driver, not having permission to use the automobile, would not be included as an insured. Moreover, considering the comprehensive discussion and expansive interpretation of section 143a in *Barnes*, we do not believe its holding turned the narrow question as to whether the claimant was expressly or, as here, implicitly denied liability coverage. Rather, it is our view that the decision was intended to be an expression of the legislative objective to provide extensive uninsured motorist coverage for those insured under a valid automobile liability policy. Thus, in accordance with the foregoing authorities and under the facts presented here, we find that defendant's automobile was uninsured as to him for purposes of pursuing a claim under the uninsured motorist coverage.

For the reasons stated, the order of the trial court granting summary judgment to plaintiff is reversed, and the cause is remanded for further proceedings consistent with the view expressed herein.

Reversed and remanded for further proceedings.

LORENZ and WILSON, JJ., concur.