Mark PETERSON, Appellant
(Plaintiff Below),

v.

UNIVERSAL FIRE AND CASUALTY
INSURANCE COMPANY, Appellee
(Defendant Below).

No. 43A03–9101–CV–10.

Court of Appeals of Indiana,
Third District.

June 11, 1991.

**1310**

Robert W. Miller, Miller & Miller, Elkhart, for appellant.

Gregory R. Lyman and Terence M. Austgen, Singleton, Levy & Crist, Munster, for appellee.

STATON, Judge.

■ Mark Peterson appeals the entry of a summary judgment in favor of Universal Fire and Casualty Insurance Company (Universal), raising the sole issue of whether the trial court correctly determined that he was not entitled to uninsured motorist coverage under a policy with Universal.

We affirm.

Universal issued a garage insurance policy to Southwestern Motors, Inc. (Southwestern), a used car dealership of which Peterson was the majority shareholder, officer and employee.

In furtherance of his duties as an employee of Southwestern, Peterson flew to Florida in the summer of 1988 to look for automobiles. While he was in Florida, he stayed with a friend, Buddy Huffman. In the course of his visit with Huffman, it was determined that the pair would go fishing

off of Pine Island, near Fort Myers. Peterson had been fishing in the area several times before while vacationing in Florida. Early in the morning on July 4, they set off with their fishing gear in Huffman's truck. At some time between 4:00 and 5:00 a.m., Huffman failed to negotiate a turn and the truck left the road, resulting in injuries to Peterson. Peterson stated in his deposition that the fishing excursion that day was purely a pleasure trip, with no connection to business.

Huffman was uninsured, and Peterson sought to obtain insurance coverage for his bodily injuries from the garage policy which Southwestern maintained with Universal. Universal denied coverage and Huffman filed a declaratory judgment action. Universal answered and counterclaimed for declaratory judgment. Both parties filed motions for summary judgment and the trial court entered judgment in favor of Universal, which Peterson appeals.

■ On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Boone County Area Plan Com'n v. Kennedy* (1990), Ind.App., 560 N.E.2d 692, 694. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolcynski v. Maxton Motors Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *transfer denied.*

■ In interpreting insurance policies, we use the same rules of interpretation and construction as with other contracts. *Meridian Mutual Ins. Co. v. Cox* (1989), Ind. App., 541 N.E.2d 959, 961, *transfer denied.* If, as a matter of law, it is apparent that an insurance contract is not so ambiguous that resort must be made to extrinsic evidence in order to ascertain the contract's meaning, summary judgment is proper. *Id.* Although some special rules for the construction of insurance contracts have developed

due to the disparity in bargaining power between the insurer and its insured, if a contract is clear and unambiguous, the language of a contract must be given its plain meaning. *Sharp v. Indiana Union Mutual Ins. Co.* (1988), Ind.App., 526 N.E.2d 237, 239, *transfer denied.* An ambiguity will be found only if reasonable persons upon reading the contract would differ as to the meaning of its terms; an ambiguity is not established simply because one party asserts an interpretation contrary to that asserted by the opposing party. *Id.*

The question raised requires an examination of the relevant portions of the garage policy. We begin with the policy's definition of "insured":

"**Insured**" means any person or organization qualifying as an Insured in the WHO IS INSURED section of the applicable insurance. Except with respect to **our** limit of liability, the insurance afforded applies separately to each **Insured** who is seeking coverage or against whom a claim is made or suit is brought.

The WHO IS INSURED section of the uninsured motorists endorsement indicates the following persons qualify as insureds:

1. **You** or any **family member**.

2. Anyone else **occupying** a covered **auto** or a temporary substitute for a covered **auto**. The covered **auto** must be out of service because of its breakdown, repair, servicing, **loss** or destruction.

3. Anyone for damages he is entitled to recover because of **bodily injury** sustained by another vehicle.

It is undisputed that Peterson was not in a car which was in any way affiliated with Southwestern, thus subsection 2 of the WHO IS INSURED section does not apply. Similarly, subsection 3 is inapplicable in this case. Although it appears that the last word in that subsection should read "insured" rather than "vehicle," [1] this does not create an ambiguity mandating that coverage be provided. Peterson was not

entitled to recover damages for an injury sustained by another. Thus, if coverage is to be provided for Peterson for his injuries, he must fall within the first category of insureds.

"You" is defined by the policy as "the person or organization shown as the **Named Insured** in ITEM ONE of the declarations." Southwestern Motors, Inc. is shown in ITEM ONE of the declarations. The policy also provides that the term " '**Family Member**' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." Clearly, Peterson does not fall within either of these categories. *Accord Rodriguez v. Continental Casualty Co.* (1989), La.App., 551 So.2d 45, *reh'g denied* (off-duty police chief struck by automobile not covered by uninsured motorist provision of policy under similar policy terms when named insured was city).

■ Peterson argues that the terms "you" and "family member" are ambiguous because a corporation cannot sustain bodily injury and a corporation cannot have family members. While he is correct that a corporation cannot sustain bodily injury, a corporation may sustain property damage, which is also covered under the uninsured motorist endorsement. He is also correct that a corporation does not have family members. This does not render the clause ambiguous. The term "family member" is simply a nullity when the standard endorsement is used in a policy insuring a corporation. *Pearcy v. Travelers Indemnity Co.* (1983), Fla.App., 429 So.2d 1298, *review denied* 438 So.2d 833. *See also Buckner v. Motor Vehicle Accident Indem. Corp.* (1985), 66 N.Y.2d 211, 495 N.Y.S.2d 952, 486 N.E.2d 810 (wherein the court rejected identical arguments). The trial court correctly found that there was no ambiguity in these contract terms, and that Peterson is not a covered individual under the uninsured motorists endorsement to the policy.

---

1. Clearly, a vehicle does not sustain "bodily injury," which is defined by the policy as "bodily injury, sickness or disease including death resulting from any of these." A parallel section in the underinsured motorist endorsement to the policy utilizes identical language with the exception of the last word, which is "insured." Resolution of this discrepancy does not require that we look beyond the terms of the document.

**1312**

Peterson contends that Indiana Code 27–7–5–2 mandates uninsured motorists coverage be provided in this case. That statute requires insurers to make available uninsured and underinsured motorist coverage for policies which insure motor vehicles registered or principally garaged in Indiana. Although any language in an insurance contract which dilutes or diminishes the protection required by the uninsured motorist statute is contrary to public policy, the statute is not violated unless an insurance policy specifically limits uninsured motorist protection as to persons who would otherwise qualify as insureds for liability purposes. *Anderson v. State Farm Mut. Auto. Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170, 1174–1175. Peterson would not have liability coverage if he were driving a noncovered auto on a pleasure trip under the garage policy. The statute does not mandate uninsured motorist coverage in this analogous situation.

Peterson finally contends that denial of coverage in this case violates public policy, as the uninsured motorist coverage under the policy was illusory. His contention has no merit. Had Peterson been driving or riding in a covered automobile at the time of his injury, he would have been covered under the uninsured motorist provisions of the policy, and the corporation would have been able to recover for property damage sustained by its automobile. *See Meridian Mutual Ins. Co. v. Richie* (1989), Ind., 544 N.E.2d 488.

Affirmed.

GARRARD and SHARPNACK, JJ., concur.