Kevin WHITLEDGE, Appellant–Plaintiff,

v.

James JORDAN and West American Insurance Co., Appellees–Defendants.

No. 82A01–9107–CV–196.

Court of Appeals of Indiana, First District.

Feb. 11, 1992.

Matt Parmenter, Gerling Law Offices, P.C., Evansville, for appellant-plaintiff.

Stephen Hensleigh Thomas, Brent A. Raibley, Statham, Johnson & McCray, Evansville, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Kevin Whitledge appeals summary judgment for West American Insurance Co. in Whitledge's action for uninsured motorists benefits. We affirm.

## ISSUE

Did the trial court err in entering summary judgment finding that Whitledge was not entitled to uninsured motorists benefits?

## FACTS

On January 31, 1989, Whitledge was using an automobile owned by his mother, Charlene Whitledge. West American Insurance Co. ("West American") had issued a liability insurance policy on the car. While the car was parked at Whitledge's

place of employment, he observed two people attempting to steal it. As he tried to stop Jordan from stealing the car, Whitledge became entangled in the driver's shoulder harness. Jordan drove the vehicle forward for some distance and Whitledge was thereby injured. Whitledge sought uninsured motorist benefits from West American. The uninsured motorists provision excluded coverage for any vehicle "owned by or furnished or available for the regular use of you or any family member." Record at 42. The trial court granted summary judgment in favor of West American, denying Whitledge such benefits. He appeals.

## DISCUSSION AND DECISION

Whitledge appeals summary judgment contending that he is entitled to uninsured motorist benefits. We review summary judgment to determine whether a genuine issue of material fact exists and whether the trial court correctly applied the law. *Peterson v. Universal Fire and Casualty Insurance Co.* (1991), Ind.App., 572 N.E.2d 1309, 1310. We will affirm summary judgment if it is sustainable upon any theory supported by the record. *Id.*

Specifically, Whitledge argues that Jordan was an uninsured motorist driving an uninsured vehicle when he injured Whitledge. Undisputably, Jordan was an uninsured motorist here. The parties disagree on whether the vehicle was insured. West American contends that the car was insured because it had issued a policy on it to Charlene. Whitledge, on the other hand, argues that the car was uninsured as to Jordan who did not have permission to drive the car.

The turnkey is whether the uninsured motorist statute, IND. CODE § 27–7–5–2, requires protection when the vehicle is uninsured or when the motorist is uninsured. No Indiana cases have addressed which viewpoint espoused by the parties is the correct one. Whitledge relies upon an

Illinois case to support his argument. In *Comet Casualty Co. v. Jackson* (1984), 125 Ill.App.3d 921, 81 Ill.Dec. 569, 467 N.E.2d 269, Jackson was insured by Comet for automobile liability. Jackson was injured when attempting to stop a thief from stealing his car. He sought uninsured motorist benefits from Comet under his policy. Comet denied liability claiming that the car was insured since a policy had been issued to cover it. The Illinois court held that the thief was not an insured under the policy and therefore, the vehicle was uninsured as to him for purposes of uninsured motorist coverage. *Id.* at 923–24, 81 Ill.Dec. at 571, 467 N.E.2d at 271.

■ Although the facts are similar and support Whitledge's argument, we may not rely on *Comet Casualty* because the Illinois court was free to interpret "uninsured vehicle" under its statute which did not define the term.[1] We are prevented from making such an expansive interpretation because our legislature has defined "uninsured vehicle" in IND.CODE § 27–7–5–4 as:

> "... the term 'uninsured motor vehicle', subject to the terms and conditions of such coverage, means a motor vehicle without liability insurance or a motor vehicle not otherwise in compliance with the financial responsibility requirements ..., and includes an insured motor vehicle where the liability insurer of the vehicle is unable to make payment with respect to the legal liability of its insured ... because of insolvency."

The statute is clear and we may not read the term expansively and extend the meaning of uninsured vehicle as the Illinois court did in *Comet Casualty*.

Our research has uncovered only two other states which have dealt with the issue on appeal with similar factual situations. In New York, the Court of Appeals considered a case where the insured loaned her car to her brother, Rowell. *Rowell v. Utica Mutual Insurance Co.* (1991), 77

1. Illinois has since amended its statute to include a definition of "uninsured motor vehicle". *See* ILL.ANN.STAT. ch. 73, para. 755a(3) (Supp. 1991). The amendment only added that an uninsured vehicle includes one which has an insurance policy on it but the company refuses to pay due to insolvency.

N.Y.2d 636, 569 N.Y.S.2d 399, 400, 571 N.E.2d 707, 708. Rowell sought uninsured motorist benefits under his sister's policy after he was injured while trying to prevent the car from being stolen. After finding that Rowell was an insured under the policy, the court reviewed whether the vehicle was an uninsured automobile to qualify for uninsured motorist coverage. The policy excluded vehicles owned by the insured as uninsured vehicles. The New York court declared the exclusion to be invalid because it conflicted with New York's uninsured motorist statute. *Id.* at 638–39, 569 N.Y.S.2d at 401, 571 N.E.2d at 709. New York's statute provides that insurance policies must contain an uninsured motorist provision which covers damages caused by an uninsured vehicle, a stolen vehicle, and a vehicle operated without permission of the owner. *Id.* (citing Insurance Law § 3420(f)(1)). Therefore, the court held that Rowell had a valid claim to uninsured motorist coverage. *Id.* at 640, 569 N.Y.S.2d at 402, 571 N.E.2d at 710. Unlike New York, Indiana's legislature has not required a similar insurance provision regarding stolen vehicles. Therefore, we do not rely upon this New York case to make our decision.

The other similar case occurred in Oregon. In *Cole v. Farmers Insurance Co.* (1991), 108 Or.App. 277, 814 P.2d 188, Cole was injured while attempting to stop a thief from stealing his car. Cole sought uninsured motorist benefits under his insurance policy with Farmers. Farmers denied coverage asserting that the car was not uninsured so uninsured motorist coverage was unavailable. The court reviewed the Oregon uninsured motorist statute and Cole's insurance policy. The statute explicitly allowed an insurance company to exclude from the definition of uninsured vehicle, for the purpose of uninsured motorist coverage, any vehicle owned by the insured. *See* OR.REV.STAT. § 743.-792(2)(e)(F).[2] The policy issued by Farmers contained a clause excluding from uninsured motorist coverage any vehicle owned by the insured. *Cole,* at 279, 814 P.2d at

189. The court rejected Cole's argument that the application of the statute produced an absurd result and that it conflicted with the legislature's intent to provide compensation to persons injured through the negligence of uninsured drivers. *Id.* at 279–81, 814 P.2d at 189–90. The court found that the statute was unambiguous and that the court could not insert language to avoid a result unexpected and unintended by the legislature. *Id.* at 280, 814 P.2d at 190. The Oregon court determined that the vehicle was not an uninsured vehicle under the policy provision and the statute and that the policy did not provide coverage and the statute did not mandate coverage. *Id.*

■ We believe the same result is required here. We acknowledge that Indiana's uninsured motorist statute is not as explicit as Oregon's statute which provides that an uninsured vehicle does not include a vehicle owned by the insured or a household member. Our statute does go as far to state that uninsured vehicle means a vehicle without liability insurance. West American had issued a liability insurance policy on the vehicle which injured Whitledge. Therefore, we conclude that the vehicle was insured and the trial court did not err in denying uninsured motorist benefits.

■ Whitledge further contends that the trial court erred in upholding an insurance clause which is void as against public policy. I.C. § 27-7-5-2 mandates insurers to make available uninsured motorist coverage in their liability policies. *Peterson,* 572 N.E.2d at 1312. The purpose of uninsured motorist insurance is to put the injured insured party in substantially the same position as if the offending party had complied with the minimum requirements of the Financial Responsibility Act. *Town & Country Mutual Insurance Co. v. Hunter* (1984), Ind.App., 472 N.E.2d 1265, 1270, *trans. denied.* Any language in the insurance policy which limits or diminishes the protection required by statute is contrary to public policy. *Peterson,* at 1312. The

---

**2.** Now ORS § 742.504(2)(e)(F).

statute is violated when the policy specifically limits uninsured motorist coverage as to persons who would otherwise qualify as insureds for liability purposes. *Id.* Whitledge contends West American's policy violates this principle.

 Whitledge would not have qualified for liability coverage. The West American policy contains an exclusion which states that the policy does not provide liability coverage for any person for bodily injury to the policyholder or any family member. *See* Record at 30. The family exclusion clause was upheld in *Transamerica Insurance Co. v. Henry* (1990), Ind., 563 N.E.2d 1265, where the court found that the exclusion did not violate the Indiana uninsured motorist statute or the policy of the state. *Id.* at 1269. We do not find that the trial court erred in entering summary judgment in favor of West American.

Affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs in result.