**Ronald L. JONES as Personal Representative for the Estate of Julie McMaken, Deceased, Appellant–Plaintiff Below,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee–Defendant Below.**

No. 17A03–9306–CV–187.

Court of Appeals of Indiana, Third District.

June 8, 1994.

collateral defense codified in each state's U.C.C, and do not address its common law counterpart at all.

Kevin L. Likes, Auburn, for appellant.

John F. Lyons, Barrett & McNagny, Fort Wayne, for appellee.

STATON, Judge.

Ronald L. Jones, personal representative of the estate of Julie McMaken ("Estate"), appeals the trial court's entry of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Jones presents three issues for our review, which we consolidate into one and restate as whether the trial court correctly determined that the Estate was not entitled to underinsured motorist coverage under a policy with State Farm.

We affirm.

The parties stipulated to the following facts. On May 2, 1991, Julie McMaken ("McMaken") died from injuries sustained in an automobile accident caused by the negligent driver of her vehicle, David Clements ("Clements").[1] Clements had liability insur-

ance in the amount of $25,000.00, which amount was paid to McMaken's estate. Jones sought damages on behalf of the estate up to the $100,000.00 limit of McMaken's underinsured motorist coverage. State Farm refused coverage based on a provision in McMaken's policy excluding McMaken's vehicle from the definition of an underinsured motor vehicle.

Because the facts are undisputed, both parties filed motions for summary judgment. The trial court granted State Farm's motion, reasoning that the policy's definition of underinsured motorist coverage excluded McMaken's vehicle as a matter of law. Jones appeals, asking this court to reverse the trial court's judgment and enter summary judgement in Jones' favor.

■ In reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Interpreting an insurance policy involves the same rules of construction and interpretation as other contracts. *Peterson v. Universal Fire and Casualty Insurance Co.* (1991), Ind.App., 572 N.E.2d 1309, 1310. Summary judgment is proper in this context if, as a matter of law, it is apparent that extrinsic evidence is unnecessary to ascertain the meaning of the policy. *Id.* If the terms of the insurance policy are clear and unambiguous, the language in the policy must be given its plain meaning. *Id.* at 1311.

■ The underinsured motor vehicle provision in McMaken's insurance policy provided:

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle.* The *bodily injury* must be caused by accident arising out of

---

1. McMaken was a passenger in her own vehicle when the accident occurred, and she had given

Clements permission to drive her car.

the operation, maintenance or use of an *underinsured motor vehicle.*

Record, p. 78 [emphasis in original]. The policy went on to explain in relevant part:

An *underinsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you, your spouse* or any *relative*....

Record, p. 78 [emphasis in original]. We believe the policy terms set forth above are clear and unambiguous. McMaken's vehicle is excluded from the definition of underinsured motor vehicle for purposes of the policy's coverage. The Estate argues that regardless of the unambiguous language in the above limitation, it is unenforceable because it provides illusory coverage. Our supreme court has defined illusory coverage as that for which the insured paid a premium but from which he would not be paid benefits under any reasonably expected circumstances. *Meridian Mutual Insurance Co. v. Richie* (1989), Ind., 540 N.E.2d 27, 30.

The clear language in McMaken's policy demonstrates that the insured would recover underinsured motorist damages if a party *other than the insured*, who was liable for the insured's injuries, was insured in an amount less than the limits of McMaken's underinsured motorist coverage. This provision covers a wide spectrum of reasonably expected circumstances. In fact, it protects McMaken from all underinsured motorists except those that may also be considered insured under her policy. Applying the above definition, we believe that one express limitation in coverage does not render her policy illusory as a matter of law.

■ The Estate next argues that the limitation on McMaken's underinsured motorist coverage diminishes the protection provided by IND.CODE 27–7–5–2 (1993), which requires insurers to make available uninsured and underinsured motorist coverage in policies which insure motor vehicles registered or garaged in Indiana. According to the

Estate, diminishing this coverage is contrary to public policy and the policy is therefore unenforceable. We have addressed this issue in the context of uninsured motorist coverage, concluding that language in an insurance policy diluting or diminishing the protection required by the uninsured motorist statute is unenforceable as contrary to public policy. *Peterson, supra* at 1312. While we agree with Jones that this principle applies equally to the statute's underinsured motorist provision, we do not believe that its application would change the trial court's result in this case.

In *Peterson*, this court rejected the plaintiff's claim that his uninsured motorist coverage violated public policy; this court stated:

[I.C. 27–7–5–2] is not violated unless an insurance policy specifically limits uninsured motorist protection as to persons who would otherwise qualify as insureds for liability purposes.

*Id.* Similar to the plaintiff in *Peterson*, McMaken did not qualify as an insured for liability purposes under her policy. She was excluded from liability coverage because her policy contained a household exclusion provision, providing no coverage for bodily injury to "any *insured* or any member of the *insured's* family residing in the *insured's* household."[2] Record, p. 74 [emphasis in original]. The Estate cannot now attempt to circumvent this lawful exclusion by means of McMaken's underinsured motorist coverage.

As additional support for its argument, the Estate invites this court to adopt the rationale of the Ohio Supreme Court in *State Farm Automobile Insurance Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309. In *Alexander*, the Ohio court invalidated an insurance policy's household exclusion clause which provided that the insured's own vehicle could never qualify as an uninsured or underinsured motor vehicle in a one-car accident. *Id.* at 399, 583 N.E.2d at 311. In so doing, the court concluded that the Ohio legislature premised its uninsured/underinsured motor-

---

2. Household exclusion clauses in automobile insurance policies have been consistently upheld as enforceable, and do not violate public policy.

*Transamerica Insurance Co. v. Henry* (1990), Ind., 563 N.E.2d 1265, 1268–1269.

ist statute[3] on the *tortfeasor's* legal liability to the insured, and not on whether the vehicle at fault was insured. *Id.* at 400, 583 N.E.2d at 312.

Indiana case law interpreting the intent of the legislature in drafting I.C. 27–7–5–2 renders the Ohio Supreme Court's rationale inapplicable to the case at bar. In *Whitledge v. Jordan* (1992), Ind.App., 586 N.E.2d 884, *tr. denied,* this court addressed the issue of whether I.C. 27–7–5–2 requires protection when the vehicle is uninsured, or whether protection is required when the tort-feasor is uninsured, regardless of the vehicle's status. In concluding that the status of the vehicle is controlling, we concluded that IND.CODE 27–7–5–4(a) defined uninsured motor vehicle as a *vehicle* without liability insurance. *Id.* at 886.

■ We believe this rationale applies equally to I.C. 27–7–5–4(b)'s definition of underinsured motor vehicle. This conclusion is well supported by general principles of Indiana insurance law. It is well established that an insurer is free to limit its liability in a manner not inconsistent with public policy. *Allstate Insurance Co. v. Boles* (1985), Ind., 481 N.E.2d 1096, 1098. Household exclusion clauses have been upheld as proper limitations on the insurer's liability consistent with public policy. *Transamerica, supra; United Farm Bureau Insurance Co. v. Hanley* (1977), 172 Ind.App. 329, 360 N.E.2d 247. Moreover, the Indiana financial responsibility law requires car owners to purchase liability insurance for injuries sustained by others, but does not require such insurance for personal injury sustained by the owner himself. *Boles, supra* at 1101.

Because the limitation on underinsured motorist coverage in McMaken's policy is neither illusory nor contrary to public policy, we conclude that the trial court correctly granted State Farm's summary judgment motion.

Affirmed.

GARRARD, J., concurs.

RILEY, J., dissents and files separate opinion.

3. OHIO REV.CODE 3937.18.

RILEY, Judge, dissenting.

I respectfully dissent.

In *State Farm Auto Insurance Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, the Ohio supreme court held, on facts similar to this case, that restriction of uninsured and underinsured coverage was contrary to the statute mandating such coverage. The court noted that the purpose of the statute was to ensure that a victim of an accident involving an uninsured or underinsured driver would receive compensation under her own policy. 583 N.E.2d at 312.

In the present case, the majority attempts to distinguish *Alexander* by characterizing our statute as fundamentally different than the Ohio statute. In so doing, the majority states that "the Ohio legislature premised its uninsured/underinsured motorist statute on the *tort-feasor's* legal liability to the insured, and not on whether the vehicle at fault was insured." Opinion at 202–203. (emphasis in original).

The applicable Indiana statutes are IND.CODE 27–7–5–2(a)(1) and I.C. 27–7–5–4(b). I.C. 27–7–5–2(a)(1) provides that victims may recover from *either* owners or operators of underinsured vehicles. I.C. 27–7–5–4(b) defines an underinsured vehicle as an insured vehicle "where the limits of coverage available for payment to the insured [victim] ... are less than the limits for the insured's [victim's] underinsured motorist coverage at the time of the accident...." The plain wording of the two sections, when read together, establish that a victim who has under-insurance coverage may recover pursuant to that coverage when she is injured by the negligence of an owner of an underinsured vehicle.

While it is true that Clements was the operator of Julie's vehicle at the time of the accident, he was also the owner of his own underinsured vehicle. Under our statutes, Julie's estate is entitled to recovery under her own underinsured coverage because her death resulted from the negligence of the owner of an underinsured vehicle.

In my opinion, the intent of our statute and the Ohio statute is the same—to require insurance companies to provide coverage for those injured by underinsured drivers. Accordingly, I would adopt the Ohio court's reasoning and would find that Julie's estate is entitled to receive the benefit of her underinsured coverage.