Robert L. PIERS, Appellant–Plaintiff,

v.

AMERICAN UNITED LIFE
INSURANCE COMPANY,
Appellee–Defendant.

No. 49A02–9812–CV–959.

Court of Appeals of Indiana.

Aug. 26, 1999.

Patrick W. Harrison, William H. Stone, Columbus, Indiana, Attorneys for Appellant.

Michael J. Lewinski, Trent J. Taylor, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Robert Piers appeals from the granting of American United Life Insurance Company's

settlement with Smith, we deem it wise to permit the trial court to resolve the matter in the first instance.

(hereinafter "Insurer") Motion for Summary Judgment in his action for declaratory judgment and for breach of contract. We affirm.

## ISSUES

The issues presented for our decision are whether the insurance policy in question is ambiguous and whether Insurer rightfully terminated Piers's disability benefits on the policy anniversary date following his sixty-fifth birthday.

## FACTS

Insurer issued a disability policy to Piers on April 1, 1979. Piers' date of birth is November 3, 1931. In 1990 Piers was diagnosed with bladder cancer, a covered loss under the policy. After the 365 day elimination period provided for in the policy, Insurer paid monthly benefits of $3000 until the anniversary date following Piers' sixty-fifth birthday when it terminated payments. Piers contends Insurer wrongfully terminated benefits and that he is entitled to continuation of benefits until such time as he has gone for four consecutive months without a covered loss. The trial court granted Insurer's motion for summary judgment. Further facts are stated in our discussion of the issues.

## DISCUSSION AND DECISION

■■ The purpose of summary judgment is to terminate litigation where there is no factual dispute and which can be determined as a matter of law. *Hermann v. Yater,* 631 N.E.2d 511, 513 (Ind.Ct.App.1994). In reviewing the grant of a summary judgment, we apply the same standards as the trial court. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *White v. State Farm Mutual Auto. Ins. Co.,* 709 N.E.2d 1079, 1081 (Ind.Ct.App.1999). Construction of an insurance policy is a question of law for which summary judgment is particularly appropriate. *Id.; Wayne Township Bd. Of School Commissioners v. Indiana Insurance Company,* 650 N.E.2d 1205, 1208 (Ind.Ct.App.1995).

■■ Here, there are no genuine issues of material fact. Rather, we are presented with a question of interpretation of the terms of the insurance policy as a matter of law. Clear and unambiguous language in an insurance policy must be given its plain and ordinary meaning. *Marlatt v. United Farm Bureau Family Life Ins. Co.,* 640 N.E.2d 1073, 1077, (Ind.Ct.App.1994), and this is true even if this results in a limitation on the insurance company's liability. *Interstate Auction, Inc. v. Central National Insurance Group, Inc.,* 448 N.E.2d 1094, 1098 (Ind.Ct.App.1983).

■■ The provisions of the policy pertinent to the dispute involved are as follows:

Benefit Period is the period which begins on the first day following the Elimination Period [1] and terminates at the end of the Maximum Benefit Period shown on Page 3 or when the Insured does not have a Covered Loss for 4 consecutive months.

(R. 13).

MAXIMUM BENEFIT PERIOD TO POLICY ANNIVERSARY NEXT FOLLOWING AGE 65[:]

THE MAXIMUM BENEFIT PERIOD IS 2 YEARS FOR COVERED LOSS BEGINNING AFTER THE POLICY ANNIVERSARY NEXT FOLLOWING AGE 63[.]

(R. 14).

It is these two policy provisions which are at the heart of the controversy in this case. Piers contends the policy should be construed to mean that he must have a period of four consecutive months without a covered loss before his benefits cease, or, that the provisions of the policy are ambiguous and must be construed against Insurer and in his favor, citing *Davidson v. Cincinnati Insurance Co.,* 572 N.E.2d 502 (Ind.Ct.App.1991).

■■ An insurance policy is interpreted as any other contract. *Smith v. Allstate Ins. Co.,* 681 N.E.2d 220, 223 (Ind.Ct.App.1997). A contract is ambiguous if a reasonable person would find the contract subject to more than one interpretation. *Orkin Exterminating Co., Inc. v. Walters,* 466 N.E.2d 55, 60 (Ind.Ct.App.1984). The terms of a contract

---

1. The Elimination Period under the policy is 365 days. R. At 14.

are not ambiguous merely because controversy exists between the parties as to the proper interpretation of its terms. *Kiltz v. Kiltz,* 708 N.E.2d 600, 602 (Ind.Ct.App.1999). Rather, ambiguity exists only where the contract is susceptible to more than one interpretation and reasonably intelligent persons would differ as to its meaning. *Smith,* 681 N.E.2d at 223.

■ We find no ambiguity in the policy provisions. "Benefit Period" is clearly defined and ends *either* upon the anniversary date following age 65 *or* when the insured does not have a covered loss for four consecutive months. The termination dates are expressed in the alternative. If either terminating factor occurs, benefits end upon the happening of that event. Here, Piers attained his 65th birthday, and the policy benefits terminated on the anniversary date immediately following.[2] Piers' argument that the policy should be construed to mean benefits terminate upon whichever of the terminating factors occurs last simply misreads the clear language and would change the terms of the policy. We cannot interpret the clear and unambiguous terms in a manner which would rewrite the policy. *Asbury v. Indiana Union Mutual Ins. Co.,* 441 N.E.2d 232, 239 (Ind.Ct.App.1982); 16 I.L.E., *Insurance,* § 101.

Piers endeavors to create ambiguity where none exists by reference to policy provisions pertaining to the insured's right to renew to age 72, and by waiver of premium provisions. Whatever right an insured might have to renew the policy is irrelevant to the issue of maximum benefits thereunder. An insured who has received the maximum benefit for a covered loss cannot extend the benefit period by renewal of the policy. Likewise, waiver of premium provisions do not have any effect on entitlement to benefits.

Piers also argues that under the Insurer's interpretation, an insured over age 65 would have to pay premiums but could not receive any benefits, and, therefore, the coverage is illusory. He is mistaken. If an insured sustained a covered loss after age 65, he could recover benefits limited only by the second sentence of the Maximum Benefits provision. Likewise, as Insurer concedes, if Piers were to have a period of four consecutive month without a covered loss and then sustain a covered loss, he could recover benefits for the new loss. Appellee's Brief at p. 6–7.

There is no ambiguity in the terms of the policy relating to termination of the benefit period. Piers received all the benefits to which he was entitled. Insurer properly terminated his benefits. Therefore, Piers is entitled neither to a declaratory judgment or to damages for breach of contract, and the trial court was correct in granting summary judgment for Insurer.

Judgment affirmed.

BAKER, J., and MATTINGLY, J., concur.

---

2. Had Piers covered loss occurred after age 63, he would have been entitled to benefits for two years under the second sentence of the Maximum Benefit provision. Because his covered loss occurred prior to age 63, that provision does not apply.