Donna GREENFIELD, Personal Representative of The Estate of Kelly R. Mossbarger, and Donna Greenfield, personally, Appellant–Plaintiff

v.

ALLSTATE PERSONAL PROPERTY and Casualty a/k/a Allstate Insurance Company and the Estate of David R. LIGHT, Appellees–Defendant.

No. 17A03–0310–CV–425.

Court of Appeals of Indiana.

April 22, 2004.

Kevin L. Likes, Likes & Kraus, Auburn, IN, Attorney for Appellant.

Richard P. Samek, Larry L. Barnard, Miller, Carson, Boxberger & Murphy, LLP, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Donna Greenfield, as personal representative of her daughter's estate, made a claim with Allstate Insurance Company (Allstate) under the uninsured motorist provision of her automobile insurance policy. Allstate denied the claim and Greenfield filed suit against Allstate in the trial court. Allstate filed a Motion for Summary Judgment which the trial court granted. Greenfield now appeals. We affirm.

*Issue*

Greenfield raises one issue for our review which we restate as whether the trial

court properly granted Allstate's Motion for Summary Judgment.

## Facts and Procedural History

In 1998, Greenfield purchased a 1996 Pontiac Sunfire for her sixteen-year-old daughter Kelly Mossbarger. Greenfield and her husband David gave Mossbarger specific instructions that no one else was to drive the car without either Greenfield's or David's permission. Also, Greenfield told Mossbarger not to take any passengers without permission from Greenfield or David.

Despite these instructions, Mossbarger allowed David Light to drive the Sunfire on June 6, 1998, with Mossbarger as a passenger in the car. Light did not have permission from Greenfield or David to drive the car. The Sunfire was involved in a one-car accident resulting in Mossbarger's death.

Greenfield held a policy on the Sunfire through Allstate. The named insureds on the policy were Greenfield and her husband David. Mossbarger was listed as a driver on the policy. Light was not insured at the time of the accident.

Greenfield, as personal representative of Mossbarger's estate, made a claim under the Allstate policy for payment pursuant to the uninsured motorist provision of the policy. Allstate denied the claim, stating that there was no coverage for the estate's claim. Greenfield then brought suit against Allstate. Allstate filed a Motion for Summary Judgment. Following a hearing, the trial court granted Allstate's motion. This appeal ensued.

## Discussion and Decision

### I. Standard of Review

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

Relying upon specifically designated evidence, the moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. If the moving party meets these two requirements, the burden then shifts to the non-movant to set forth specifically designated facts showing that there is a genuine issue for trial. A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts.

On appeal, this Court is bound by the same standard as the trial court, and we consider only those matters which were designated to the trial court. We liberally construe all designated evidentiary material in the light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred.

*Hagerman Constr. Co. v. Long Elec. Co.,* 741 N.E.2d 390, 391–92 (Ind.Ct.App.2000), *trans. denied* (internal citations omitted).

### II. Allstate's Motion for Summary Judgment

■ Greenfield appeals summary judgment contending that Allstate's policy contravenes the requirements of Indiana law regarding uninsured motorist coverage. She argues that Allstate incorrectly denied coverage because, although Light was uninsured at the time of the accident, the vehicle was not uninsured. She argues

that this contravenes Indiana Code section 27–7–5–4(a), which states:

> For the purposes of this chapter, the term uninsured motor vehicle, subject to the terms and conditions of such coverage, means a motor vehicle without liability insurance or a motor vehicle not otherwise in compliance with the financial responsibility requirements of IC 9–25 or any similar requirements applicable under the law of another state, and includes an insured motor vehicle where the liability insurer of the vehicle is unable to make payment with respect to the legal liability of its insured within the limits specified in IC 9–25–4–5 because of insolvency.

There is no dispute that Light was an uninsured motorist. Additionally, it is clear that the Sunfire was not an uninsured auto. The policy states: "We will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto" in the case of bodily injury or property damage. Appellant's Appendix at 41. "Uninsured auto" is defined as "a motor vehicle which has no bodily injury or property damage liability bond or insurance policy in effect at the time of the accident." *Id.* at 42. Additionally, the policy states that an uninsured auto is not: "a motor vehicle which is insured under the Automobile Liability Insurance of this policy." *Id.* There is no dispute that the Sunfire was covered by the policy. *See id.* at 25, 28. Therefore, the Sunfire was not an uninsured auto.

The question raised by Greenfield then is whether Allstate violated the requirements of the Indiana uninsured motorist statutes by failing to cover an accident caused by an uninsured motorist operating an insured auto under the policy's uninsured motorist provision. This court has had the opportunity to examine this question before in *Whitledge v. Jordan,* 586 N.E.2d 884 (Ind.Ct.App.1992), *trans. denied.* Whitledge was using an automobile owned by his mother and insured under a liability insurance policy issued by West American Insurance Company (West American). While the car was parked at Whitledge's place of employment, he observed two individuals, one of whom was Jordan, trying to steal it. As Whitledge tried to stop Jordan from stealing the car, he became entangled in the driver's shoulder harness. Jordan drove the vehicle forward for some distance and Whitledge was injured. Whitledge sought uninsured motorist benefits from West American because Jordan was uninsured at the time of the incident. West American's uninsured motorists provision excluded coverage for any vehicle "owned by or furnished or available for the regular use of you or any family member." *Id.* at 885. The trial court granted summary judgment in favor of West American and Whitledge appealed.

Upon appeal, Whitledge attempted to argue that Jordan was an uninsured motorist operating an uninsured auto because, although West American had issued a policy to Whitledge's mother, the auto was uninsured as to Jordan because Jordan did not have permission to use the automobile. We recognized that the turnkey in the case was whether the uninsured motorist statute, Indiana Code section 27–7–5–2, required protection when the vehicle is uninsured or when the motorist is uninsured.

Recognizing that no court in Indiana had addressed that particular issue, we looked to other jurisdictions for guidance. Whitledge pointed us to *Comet Casualty Co. v. Jackson,* 125 Ill.App.3d 921, 81 Ill.Dec. 569, 467 N.E.2d 269 (1984), in which Jackson was injured while attempting to stop a thief from stealing his car. He sought uninsured motorist benefits from Comet Casualty Company (Comet) under his poli-

cy. Comet denied liability claiming that the car was insured since a policy had been issued to cover it. The Illinois court held that the thief was not an insured under the policy and therefore, the vehicle was uninsured as to him for purposes of uninsured motorist coverage. 467 N.E.2d at 271.

The *Whitledge* court recognized that the facts were similar, but the court stated that it could not rely on *Comet Casualty* because the Illinois court was free to interpret "uninsured vehicle" under its statute as the term was undefined. We stressed that we were prevented from making such an expansive interpretation because our legislature clearly defined "uninsured vehicle" as:

> ... [T]he term uninsured motor vehicle, subject to the terms and conditions of such coverage, means a motor vehicle without liability insurance or a motor vehicle not otherwise in compliance with the financial responsibility requirements ..., and includes an insured motor vehicle where the liability insurer of the vehicle is unable to make payment with respect to the legal liability of its insured ... because of insolvency.

Ind.Code § 27–7–5–4(a). Stating that our statute defined an uninsured vehicle as a vehicle without liability insurance, this court held that the vehicle was insured and that the trial court correctly denied uninsured motorist benefits. *Whitledge*, 586 N.E.2d at 886.

We were presented with the question of an underinsured motorist operating an insured motor vehicle in *Jones v. State Farm Mut. Auto. Ins. Co.*, 635 N.E.2d 200 (Ind.Ct.App.1994), *trans. denied.* Julie McMaken died from injuries sustained in an automobile accident caused by the negligent driver of her vehicle, David Clements. Clements had liability insurance in the amount of $25,000.00 which amount was paid to McMaken's estate. Jones sought damages on behalf of the estate up to the $100,000.00 limit of McMaken's underinsured motorist coverage. State Farm Mutual Auto Insurance Company (State Farm) denied coverage based on a provision in McMaken's policy excluding McMaken's vehicle from the definition of an underinsured motor vehicle. The trial court granted State Farm's Motion for Summary Judgment and Jones appealed.

We stated that McMaken's policy clearly and unambiguously stated that McMaken's vehicle was excluded from the definition of underinsured motor vehicle for the purposes of that policy's coverage. However, the estate argued that such language created only illusory coverage. We noted that the policy would allow the insured to recover underinsured motorist damages if a party other than the insured, who was liable for the insured's injuries, was insured in an amount less than the limits of McMaken's underinsured motorist coverage. The policy protected McMaken from all underinsured motorists except for those that may also be considered insured under her policy. We noted that one express limitation in coverage does not render the policy illusory. *Id.* at 202. Therefore, we held that the trial court properly granted Allstate's summary judgment motion. *Id.* at 203.

Greenfield urges us to reconsider the holdings of *Whitledge* and *Jones*, arguing that recent decisions have begun to move away from the logic behind these decisions. She cites *Corr v. American Family Ins.*, 767 N.E.2d 535 (Ind.2002). In *Corr*, the issue was whether, in determining if a vehicle was an underinsured motor vehicle within the meaning of Indiana Code section 27–7–5–4(b), the proper comparison was the per accident bodily injury limits, or the amounts received by each insured and the underinsured motorist limits. The court determined that the term "available

for payment to the insured," when describing the coverage limits in the statute, meant money present or ready for immediate use by the insured and not the amounts potentially available. Therefore, the court held that the statute did not require a strict limits to limits comparison. *Id.* at 540.

In *Corr*, our supreme court was interpreting language which was "not as clear as it might be." *Id.* at 539. In the present case, the controlling language is clear and unambiguous. An uninsured motor vehicle is a "motor vehicle without liability insurance." Therefore, *Corr* is not instructive. Rather, following the holdings of *Whitledge* and *Jones*, we agree with Allstate that the policy does not provide liability insurance for an uninsured motorist operating an insured motor vehicle.

■ Alternatively, Greenfield argues that such a result is contrary to public policy by failing to allow recompense to those injured by those with no insurance. This argument was also presented to this court in *Whitledge* and this court rejected the argument, stating:

> Whitledge further contends that the trial court erred in upholding an insurance clause which is void as against public policy. I.C. § 27–7–5–2 mandates insurers to make available uninsured motorist insurance in their liability policies. The purpose of uninsured motorist coverage is to put the injured insured party in substantially the same position as if the offending party had complied with the minimum requirements of the Financial Responsibility Act. Any language in the insurance policy which limits or diminishes the protection required by statute is contrary to public policy. The statute is violated when the policy specifically limits uninsured motorist coverage as to persons who would otherwise qualify as insureds for liability purposes. Whit-

ledge contends that West American's policy violates this principal.

> Whitledge would not have qualified for liability coverage. The West American policy contains an exclusion which states that the policy does not provide liability coverage for any person for bodily injury to the policyholder or any family member. The family exclusion clause was upheld in *Transamerica Insurance Co. v. Henry* (1990), Ind., 563 N.E.2d 1265, where the court found that the exclusion did not violate the Indiana uninsured motorist statute or the policy of the state. We do not find that the trial court erred in entering summary judgment in favor of West American.

586 N.E.2d at 886–87 (internal citations omitted). Likewise here, Light would not have qualified for liability coverage under the Allstate policy for the death of Mossbarger. Light was not a permissive user of the vehicle and therefore, there is no coverage for any claim against Light in this case because he was not an insured under the terms of Allstate's policy. The policy clearly states that a person is an insured if they are a person using the vehicle with "your permission." The policy defines "your" as the policyholder named on the declaration page—here, Greenfield—and that policyholder's resident spouse here, David. The undisputed evidence is that Light did not have Greenfield's or David's permission to operate the Sunfire. *See United Farm Bureau Mut. Ins. v. Ludwig*, 744 N.E.2d 1061, 1063 (Ind.Ct.App.2001) (holding, as a matter of law, that an insurance policy provides no liability coverage for a driver operating the vehicle without the permission of the insureds). Therefore, there was no coverage.

Further, Allstate notes that the Indiana uninsured motorist statute has been amended at least four times since our deci-

sion in *Whitledge,* but the language of Indiana Code section 27–7–5–4 has remained substantially the same. This is analogous to *Transamerica Insurance Company v. Henry,* 563 N.E.2d 1265 (Ind. 1990), wherein our supreme court upheld the household exclusion against the argument that it was contrary to public policy. *Id.* at 1269. The court stated:

> Since at least 1977, our courts have made it clear that household exclusion clauses will be read to be consistent with the public policy of Indiana. [*United Farm Bureau Mut. Ins. Co. v. Hanley,* 172 Ind.App. 329, 360 N.E.2d 247 (1977)] expressly invited the legislature to make clear any intentions to the contrary by explicitly nullifying household exclusion clauses. Thirteen years later, after [*Allstate Insurance Co. v. Boles,* 481 N.E.2d 1096 (1985)] and after at least four revisions of § 9–1–4–3.5, the legislature still has in no way expressed any intent to void household exclusion clauses.

*Id.* at 1268–69. Similarly here, as the language of Indiana Code section 27–7–5–4 has remained substantially the same throughout several revisions, we have reason to believe that the legislature has intentionally refused to amend the language.

■ Also, Indiana Code section 27–7–5–4 was reenacted, in substantially the same form, approximately one year after our decision in *Whitledge.* It is a rule of statutory construction that when the legislature reenacts in substantially the same form a statute which the courts have previously construed, the legislature is deemed to have adopted the judicial construction of the statute. *State Bd. of Accounts v. Ind. Univ. Found.,* 647 N.E.2d 342, 351 (Ind.Ct. App.1995), *trans. denied.* We believe the legislature adopted our construction of the statute when it did not amend the language. Therefore, we do not agree with Greenfield that our previous—and present—interpretations of Indiana Code section 27–7–5–4 are contrary to public policy.

### Conclusion

Following our prior decisions in *Whitledge* and *Jones,* we hold that the Allstate policy does not provide liability insurance for an uninsured motorist operating an insured vehicle. Additionally, Greenfield has not convinced this court that this holding is contrary to public policy. Therefore, the trial court's granting of Allstate's Motion for Summary Judgment is affirmed.

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.