James SPEARS, Plaintiff-Appellant,

v.

Ray C. JACKSON and Prestige Casualty Company, Defendants-Appellees.

No. 3–579A144.

Court of Appeals of Indiana, Third District.

Jan. 15, 1980.

Jeffery Oliveira, Portage, for plaintiff-appellant.

David W. Pera, Merrillville, for defendants-appellees.

GARRARD, Presiding Judge.

This is a suit brought by appellant James Spears against his insurer, appellee Prestige Casualty Company, under the uninsured motorist endorsement of his automobile insurance policy. The trial court granted summary judgment for Prestige Casualty. It upheld a policy provision which voided coverage when settlement had been made with another without the written consent of the insurer.

The undisputed facts are as follows. Spears was involved in a three car accident involving an insured motorist and an uninsured motorist. Spears, without giving notice to or obtaining the consent of Prestige Casualty, settled with the insured motorist and executed a covenant not to sue. He subsequently brought this action against Prestige Casualty and the uninsured motorist. Prestige Casualty filed a motion for summary judgment contending that it was not liable under the policy due to the following policy provisions:

"This [uninsured motorist] endorsement does not apply:

a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"

Spears first contends that the provision is against public policy and is unenforceable in that it removes the right of the insured to seek redress for his injuries in a court of law. The authorities cited by Spears in support of this contention deal with the validity of provisions which void uninsured motorist coverage where the insured, without consent of the insurer, *prosecutes an action to judgment* against any person who may be legally liable for the insured's injuries. These decisions are not relevant to the issue at hand. Spears has not cited nor can we find any authority holding that *settlement prohibitions* are invalid for the reasons raised by Spears. We therefore hold that the provision does not remove or restrict the right of the insured to seek redress in a court of law. However, we do not decide whether the consent requirement can be waived or whether the provision is in derogation of Indiana's Uninsured Motorist Statute, IC 27-7-5-1 as these issues were not raised by the fact situation before us or by Spears in his motion to correct errors.

Relying on *Michigan Mutual Liability Co. v. Karsten* (1968), 13 Mich.App. 46, 163 N.W.2d 670, Spears also contends that the provision was intended to void coverage *only* in the context of settlements with uninsured motorists. We decline to adopt the position of the Michigan court. In Michigan, an insurance policy is always given a construction which is most favorable to the insured. However, in Indiana, the rule that insurance policies are to be strictly construed in favor of the insured applies only where the policy uses terms of doubtful meaning or where the language is ambiguous. Where the policy language is clear and unambiguous, it must be taken in its plain, ordinary and popular sense. *Vernon Fire and Cas. Ins. v. American Underwriters* (1976), Ind.App., 356 N.E.2d 693.

■ We hold that the language of the provision is clear and unambiguous. It states that the uninsured motorist endorsement "does *not* apply to bodily injury to an insured with respect to which such insured . . . shall, without written consent of the company, make *any* settlement with *any person* or organization who may be legally liable therefor." (emphasis supplied) There are no limitations or restrictions, express or implied, which would lead to an interpretation that settlements with an insured motorist are excluded from the scope of the provision. Thus, the provision was clearly intended to void coverage where settlements are made with *any person* legally liable for the injuries, whether such person is the uninsured motorist or an insured joint tortfeasor.

Affirmed.

STATON and HOFFMAN, JJ., concur.