**COMMERCIAL UNION INSURANCE,
Appellant–Counter and Third–
Party Plaintiff,**

v.

**Monte MOORE and Lillian Daniels,
Appellees–Counter and Third–
Party Defendants.**

No. 45A03–9508–CV–280.

Court of Appeals of Indiana.

March 20, 1996.

---

Angelo A. Buoscio, Buoscio, Pera, Kramer & Nowak, Merrillville, for Appellant.

David N. Gilyan, Merrillville, for Appellees.

## OPINION

STATON, Judge.

Commercial Union Insurance ("Commercial Union") appeals the denial of its motion for summary judgment. It presents two issues for our review in this interlocutory appeal which we consolidate and restate as follows: Whether the trial court erred in holding that the insurance policy was ambiguous and thus denying summary judgment.

We reverse and remand.

The undisputed facts indicate that Monte Moore ("Moore") was a passenger on a motorcycle driven by Eric Gray ("Gray") when it was involved in a collision with a van driven by Danielle Davis ("Davis"). At the time of the accident, Gray had automobile insurance, while Davis was uninsured. Moore's mother, Lillian Daniels, had an insurance policy with Commercial Union which provided uninsured/underinsured motorist protection. After the accident, Moore settled his claim against Gray for the limits of Gray's insurance policy. He did not notify Commercial Union of the settlement nor did he obtain their permission prior to the settlement.

■ Commercial Union alleges that the trial court erred in denying its motion for summary judgment because the insurance policy was unambiguous and Moore's actions voided the coverage. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the non-moving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Interpreting an insurance policy involves the same rules of construction and interpretation as other contracts. *Peterson v. Universal Fire and Casualty Ins. Co.*, 572 N.E.2d 1309, 1310 (Ind.Ct.App.1991). Summary judgment is proper if, as a matter of law, it is apparent that extrinsic evidence is unnecessary to ascertain the meaning of the policy. *Id.* If the terms of the insurance policy are clear and unambiguous, the language in the policy must be given its plain and ordinary meaning. *Id.* at 1311; *Spears v. Jackson*, 398 N.E.2d 718, 719 (Ind.Ct.App. 1980). Applying the unambiguous language of a contract to the undisputed facts is a question of law. *Harden v. Monroe Guaranty Ins. Co.*, 626 N.E.2d 814, 817 (Ind.Ct.App. 1993), *trans. denied.*

There is no rule in insurance policy construction that each and every term must be defined. *Harden, supra,* at 817. A term is not ambiguous simply because it is not defined. *Id.* Also, a contract is not ambiguous because a controversy exists where each party favors a different interpretation. *Id.* Instead, ambiguity results only when a contract is susceptible to more than one interpretation and reasonably intelligent men would differ as to its meaning. *Id.*

The Commercial Union policy had an exclusion clause which stated:

> We do not provide coverage under this endorsement for *property damage* or *bodily injury* sustained by any person:
>
>      \*      \*      \*      \*      \*      \*
>
> 2. If that person or the legal representative settles the *bodily injury* or *property damage* claim without our consent.

Record, p. 60 (emphasis in original). The trial court held that this language was ambiguous and therefore susceptible to more than one interpretation because "[i]t is unclear whether this language refers to the claim against only the uninsured motorist (Davis) or whether the language includes settlement against the insured motorist (Gray), as well." Record, p. 157.

In *Spears, supra,* this court looked at language very similar to the language in the Commercial Union policy. The exclusionary language in *Spears* provided:

> This [uninsured motorist] endorsement does not apply:
>
> a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; . . .

*Id.* at 719. The *Spears* Court held that this language was clear and unambiguous and should be given its ordinary meaning because it had no limitations or restrictions which would lead to an interpretation that some settlements are excluded.

The main difference in the two exclusionary provisions is that the *Spears* policy used the term "any" to modify settlement and person. However, even without the modifier "any," the language in Commercial Union's exclusionary clause is just as clear and unambiguous. It has no limitations or restrictions which lead to an interpretation that some settlements are excluded. It states simply that settlement without Commercial Union's consent voids the coverage. That language is not susceptible to more than one interpretation and reasonably intelligent men would not differ as to its meaning.[1] *Harden, supra,* at 817. Therefore, the words are to be given their plain and ordinary meaning. *Spears, supra,* at 719.

We next must apply the unambiguous language to the undisputed facts. *Harden, supra,* at 817. The policy prohibits settlement without Commercial Union's consent. By settling his claim with Gray without Commercial Union's consent, Moore violated the terms and conditions of the insurance policy. Thus, Commercial Union is not obligated to provide coverage to Moore for the accident. Commercial Union's motion for summary judgment should have been granted.

Reversed and remanded with instructions for the trial court to enter summary judgment in favor of Commercial Union.

GARRARD and BARTEAU, JJ., concur.

---

1. The terms "bodily injury" and "bodily injury claim" are not defined in the policy. Moore argues that the term bodily injury claim means the claim against Davis, not the claim against Gray. The policy language states that the company's liability arises from the "ownership, maintenance, or use of the uninsured motor vehicle or underinsured motor vehicle." Record, p. 60. Because there was both an uninsured and an underinsured vehicle, he argues that there were two separate claims and thus, his settlement with Gray did not affect his claim against Davis. At the very least, he argues, this shows ambiguity. However, this attempt at bootstrapping his argument by interpreting ambiguity into an unambiguous contract must fail. *Harden, supra,* at 817–18.