Crystal HAXTON, Appellant–Plaintiff,

v.

McCLURE OIL CORPORATION, Appellee–Defendant.

No. 52A02–712–CV–831.

Court of Appeals of Indiana.

Aug. 4, 1998.

---

William F. Berkshire, Berkshire Law Firm, Peru, for appellant.

Jeffry G. Price, Peru, for appellee.

## OPINION

MATTINGLY, Judge.

Crystal Haxton (Haxton)[1] appeals a judgment against her and in favor of McClure Oil Corporation (McClure). She raises three issues on appeal, which we restate as follows:

1) Whether Haxton was entitled to her regular rate of pay after she terminated her employment with McClure, even though an employment agreement reduced her pay;

2) Whether Haxton was entitled to her regular rate of pay for earned vacation time; and

3) Whether Haxton was entitled to recover treble damages and attorney's fees under Indiana Code Section 22–2–5–1.

We affirm in part and reverse and remand in part.

## FACTS

Haxton took a cashier's job with McClure on October 19, 1995. As a condition of her employment, she signed an Employment Agreement (Agreement). The Agreement contained the following relevant provisions:

2. Term. The term of this agreement shall begin on October 19, 1995 and shall be an "at will" agreement. The Employee may terminate this agreement at any time by giving a required two weeks notice in writing. This notice is to be given to the Employee's immediate supervisor....

\* \* \* \* \* \*

7. Conditions of Wage Reduction. The Employee agrees that their weekly paycheck can be reduced to the Federal Minimum Wage rate if the following conditions exist:

\* \* \* \* \* \*

C. Upon resignation, the Employee does not give the required written two weeks notice to their immediate supervisor.

R. at 18–19.

On January 29, 1997, Haxton gave McClure a two-week written notice of her resignation. She quit working on February 2, 1997, four days after she gave notice. McClure paid Haxton a total of $459 .11, which consisted of payment at $4.75 per hour[2] for the hours she had worked and one week's vacation. Before terminating her employment, Haxton was earning $6.70 per hour.

Haxton brought a small claims action against McClure, seeking $110.48 in wages plus statutory penalties, attorney fees and costs. After a trial, the court entered judgment against Haxton. In its judgment, the trial court noted Haxton had entered into a valid employment agreement with McClure and had violated the terms of that agreement when she terminated her employment without working the full two weeks after she gave her written notice.

## DECISION AND DISCUSSION

 On review, we will not reweigh the evidence and will affirm the trial court's decision unless the evidence, when viewed in the light most favorable to the judgment, points incontrovertibly to an opposite conclusion. *Metcalf v. Houk,* 644 N.E.2d 597, 599 (Ind. Ct.App.1994). Concerning employment con-

---

**1.** In the underlying action, Haxton's name was spelled "Chrystal". However, the appellate briefs refer to her as "Crystal". We will refer to her as "Haxton".

**2.** The federal minimum wage rate at that time was $4.75 per hour.

tracts, we may not make a contract for the parties, nor are we at liberty to revise a contract made between two parties. *Pepsi–Cola General Bottlers, Inc. v. Woods,* 440 N.E.2d 696, 699 (Ind.Ct.App.1982).

### 1. Reduction in Pay

■ Haxton argues McClure was not entitled to reduce her rate of pay for hours she had already worked. In support of this argument, she contends the Agreement constitutes an assignment of wages in violation of Indiana Code Section 22–2–6–1, which states:

Any direction given by an employee to an employer to make a deduction from the wages to be earned by said employee, after said direction is given, shall constitute an assignment of the wages of said employee.

Indiana Code Section 22–2–6–2(a) defines the requirements for making a deductible assignment of wages:

Any assignment of the wages of an employee is valid only if all of the following conditions are satisfied:

(1) The assignment is:

(A) In writing;

(B) Signed by the employee personally;

(C) By its terms revocable at any time by the employee upon written notice to the employer; and

(D) Agreed to in writing by the employer.

These statutes are inapplicable in this case. The Agreement, in which Haxton agreed to accept a reduced amount of pay under certain circumstances, is not a "deduction from the wages to be earned" as contemplated by the wage assignment statutes. The Agreement also does not contain language which would allow Haxton to revoke the terms of the Agreement by giving written notice. Further, Haxton does not cite any authority to support her contention that the Agreement should be construed as an assignment of wages.

■ Haxton also asserts that by reducing her pay, McClure has assessed a fine against her in violation of Indiana Code Section 22–2–8–1. This section provides:

It is unlawful for any employer to assess a fine on any pretext against any employee and retain the same or any part thereof from his wages.

We disagree, as the reduction of Haxton's pay is a term of her employment under the agreement, not a fine. Haxton also cites no authority that the reduction in her regular pay should be considered as a fine.

■ Haxton further argues that she complied with the Agreement by giving two weeks written notice, even though she did not work the full two weeks. She claims she is entitled to be paid at her regular rate because the Agreement is unclear as to whether she was required to work the full two weeks after her notice.

■ A contract is ambiguous if reasonable people would find it subject to more than one interpretation. *Commercial Union Ins. v. Moore,* 663 N.E.2d 179, 181 (Ind.Ct. App.1996), *trans. denied.* Courts should make all attempts to construe language in the contract so as not to render any words, phrases, or terms ineffective, or meaningless. *Robinson v. Century Personnel, Inc.,* 678 N.E.2d 1268, 1270 (Ind.Ct.App.1997). The intention of parties should not only be gathered from the terms of the contract itself but also should be considered against the background of circumstances which existed at the time of its execution. *Real Estate Support Servs., Inc. v. Nauman,* 644 N.E.2d 907, 911 (Ind.Ct.App.1994), *reh'g denied.*

In this instance, we agree with the trial court that, considering the intention of the parties at the time the contract was formed, the two-week notice provision in the Agreement should be construed as requiring an employee to work for the period of his or her two-week notice. To hold otherwise would render the two-week notice element of the contract completely meaningless. Thus, we uphold the trial court's judgment in favor of McClure on this portion of Haxton's claim.

### 2. Vacation Pay

■ Haxton contends her pay for the one week of vacation she had earned at the time she terminated her employment should not have been reduced. We agree. An agreement to give vacation pay to employees

made before they perform their service, and based upon the length of service and time worked, is not a gratuity but rather is in the form of compensation for services. *Die & Mold, Inc. v. Western,* 448 N.E.2d 44, 46 (Ind.Ct.App.1983). When the employee renders services, his or her right to receive vacation pay is vested, as much as the right to receive wages or other forms of compensation. *Id.* at 46–47. Vacation pay is additional wages, earned weekly, where only the time of payment is deferred. *Id.* at 48. It necessarily follows that, absent an agreement to the contrary, the employee would be entitled to the accrued vacation pay at the time of termination. *Id.* Therefore, since Haxton had already earned this benefit, she should have been paid her vacation pay at the rate of pay she was earning when she quit. We remand to the trial court on this basis to compute and award to Haxton the amount of her claim which relates solely to vacation pay.

### 3. Attorney's Fees

 Haxton claims she is entitled to treble damages under Indiana Code Section 22–2–5–2, which states as follows:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment to any such employee as provided in section 1 [3] of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for the nonpayment thereof, or both, the court shall tax and assess as costs in said case a

reasonable fee for the plaintiff's attorney or attorneys....

(Footnote added).

In *Huff v. Biomet, Inc.,* 654 N.E.2d 830, 835 (Ind.Ct.App.1995), we noted this statute only addresses the frequency with which an employer must pay its employees, not the amount it must pay. *See also Hendershot v. Carey,* 616 N.E.2d 412, 415 (Ind.Ct.App. 1993). As such, we find Haxton is not entitled to treble damages and attorney's fees under this statute. McClure did not dispute that wages were owed to Haxton, only the amount thereof.

Affirmed in part and reversed and remanded in part.

SHARPNACK, C.J., and GARRARD, J., concur.

---

3. Indiana Code Section 22–2–5–1 provides that employers must pay employees at least semimonthly or biweekly for all wages earned to a date not more than ten days prior to the date of payment. The statute also states that when an employee leaves employment, the employer shall not be required to pay that employee all amounts due until the employer's next usual and regular paydate.