## INDIANA DEPARTMENT OF LABOR and Keith Feign, Appellants–Plaintiffs,

v.

## Phillip RICHARD, Wilma Richard and River View Trucking Co., Inc., Appellees–Defendants.

### No. 31A04–9905–CV–208

Court of Appeals of Indiana.

July 18, 2000.

---

7. A.D.R. 2.12 (1995), and A.D.R. 2.11 (1997).

8. To the extent that *Silkey,* 690 N.E.2d 329, holds to the contrary, it is disapproved.

**812**

Marcus M. Burgher, IV Luckett, Burgher & Burgher, Corydon, Indiana, Attorney for Appellee.

William C. Moyer, Gregory M. Reger, Lorch & Naville, LLC, New Albany, Indiana, Attorneys for Appellees.

## OPINION

MATTINGLY, Judge

Keith Feign [1] appeals a judgment on his wage dispute claim against his former employers Phillip and Wilma Richard and their company, River View Trucking Co., Inc. (collectively "River View"). He raises the following two issues for our review:

1. Did the trial court err in failing to award Feign liquidated damages and attorney fees as provided by Ind.Code § 22–2–5–2.[2]; and

2. Does the evidence support the judgment on River View's negligence counterclaim against Feign?

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Feign was employed by River View from September 1996 until September 1997, when his employment was terminated. At some point in May or June 1997, Feign hit

1. Although listed on the briefs and in the record, the Indiana Department of Labor is not a party to this case.

2. Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for

and damaged a fence in North Carolina while operating equipment owned by River View. River View deducted $469.78 from Feign's wages to cover the cost of repairing the damaged fence.

On September 16, 1997, after his termination, Feign filed a wage claim against River View with the Indiana Department of Labor Employment Standards Division. As part of this claim, Feign assigned to the commissioner of labor all rights, title, and interest in and to the wage claim.

In January 1998, the Department of Labor wrote River View informing it of Feign's wage claim and asking for a response to that claim. Included in this letter were citations to the Department of Labor's authority for investigating and prosecuting the claim, the provision the Department of Labor alleged River View violated, and the penalty of liquidated damages for a successful prosecution of a valid wage claim.

River View responded on February 10 and briefly discussed its reasoning behind the wage deduction. On April 23, the Department of Labor sent a second letter to River View again informing it of the alleged violation and additionally requesting River View forward it a check by May 7, 1998 for $469.78 payable to Feign. The letter stated: "If we have not received Mr. Feign's wages by that date, we will have no alternative but to forward this claim to an attorney." (R. at 137.)

River View eventually tendered payment on October 2, 1998. Feign, however, refused acceptance and instead filed suit on October 21, 1998, alleging violation of Ind. Code § 22–2–5–2 and claiming liquidated damages and attorney fees in addition to the withheld wages. On December 23,

such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and ... a reasonable fee for the plaintiff's attorney or attorneys.

1998, River View filed its answer and counterclaim for damages caused by Feign's alleged negligence in hitting the fence while an employee—the reason for the original wage deductions.

A bench trial was held on February 25, 1999, and judgment was entered for Feign in the amount of $469.78 for withheld wages. Judgment was also entered for River View on its counterclaim in the amount of $469.78. Therefore "the Judgments on Plaintiff's Complaint and River View's Counterclaim should be set off so that neither party recovers any money from the other." (R. at 22.) Feign was not awarded the liquidated damages or attorney fees for which he complained. This appeal followed.

## DISCUSSION AND DECISION

1. *Liquidated Damages and Attorney Fees under Ind.Code § 22-2-5-2*

■ Feign brought his complaint for wages, liquidated damages, and attorney fees pursuant to Ind.Code § 22-2-5-2. This section provides a method for an employee to recover from an employer who has failed to make payment of wages in accordance with Ind.Code § 22-2-5-1.[3] Section 22-2-5-2 is penal in nature, is in derogation of common law, and must therefore be strictly construed. *City of Logansport v. Remley*, 453 N.E.2d 326, 328 (Ind.Ct.App.1983). Essential to a successful claim under this provision is that the request for payment "be made prior to or concurrent with the period of employment" at issue, "and not after a wage dispute has arisen." *Id.*

---

**3.** (a) Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee.

**4.** Ind.Code § 22-2-9-3 is the section that concerns disputes over the amount of wages. It states:

■ Feign filed his wage claim with the Department of Labor on September 16, 1997—after his termination from River View. The wage payments Feign disputed were for five pay periods in June and July 1997. As his wage claim was made only after his employment had been terminated, it cannot be seen as being made prior to or concurrent with the period of payment at issue. Therefore, Feign's claim cannot be brought under Ind.Code § 22-2-5-2.

■ More importantly, however, Ind. Code § 22-2-5-2 does not exist to provide a remedy for the type of wage dispute at issue in this case. Section 22-2-5-2 is the enforcement provision of the wage frequency statute found in § 22-2-5-1. In *Huff v. Biomet, Inc.*, 654 N.E.2d 830, 835 (Ind.Ct.App.1995), we noted this statute addresses only the frequency with which an employer must pay its employees, not the amount it must pay. *See also Haxton v. McClure Oil Corp.*, 697 N.E.2d 1277, 1281 (Ind.Ct.App.1998); *Hendershot v. Carey*, 616 N.E.2d 412, 415 (Ind.Ct.App. 1993). As such, Feign is not entitled to liquidated damages and attorney fees under this statute. River View, by its partial payment of wages, does not dispute that some wages were owed to Feign, but only disputes the amount thereof; Feign does not dispute the timeliness of the wage payments at issue, but only disputes the fact money was deducted from the wages to which he believed he was entitled. Though Feign questions the amount due, Ind.Code § 22-2-5-1 ultimately concerns only the frequency of payment and not the amount.[4]

> In case of a dispute over wages, the employer shall give notice to the employee of the amount of wages which he concedes to be due, and shall pay such amount, without condition, within the time fixed by this chapter, but the acceptance by the employee of any payment made under this chapter shall not constitute a release as to any balance of his claim.

■ Further, Feign submitted his wage claim to the Department of Labor and assigned his rights to that claim to the commissioner of labor pursuant to Ind. Code § 22–2–9–5.[5] Under Ind.Code § 22–2–9–4,[6] the commissioner of labor is entrusted with the power to investigate wage claims and to initiate or cause to be initiated actions on behalf of an employee to recover wrongfully unpaid wages. In wage claims under $800.00, the commissioner of labor is authorized to take assignment and prosecute actions or alternatively to refer the matter to the attorney general, who in turn can designate a private attorney to initiate suit. For wage claims of $800.00 or more, the Department of Labor is unable to take assignment and may only refer the matter to the attorney general, who may designate a private attorney to initiate suit on behalf of the employee.

Under Ind.Code § 22–2–9–5(b), when an action is initiated by the attorney general or the attorney general's designee, a party may recover liquidated damages and attorney fees pursuant to Ind.Code § 22–2–5–2. In this case, while the Department of Labor is a captioned party, it is not a party of record. No attorney for the Department of Labor entered an appearance. In addition, the record fails to reveal if this matter was ever referred to the attorney general and if so, whether the attorney general made Feign's counsel its designee for purposes of Ind.Code § 22–2–9–5. As the link between the Department of Labor and Feign's counsel through the attorney general cannot be made, the punitive provisions of Ind.Code § 22–2–5–2 available in actions initiated under Ind.Code § 22–2–9–4(b) by the attorney general or his designee are not available to Feign.

*2. Sufficiency of Evidence on River View's Counterclaim*

■ Feign challenges the sufficiency of evidence used to support the trial court's judgment on River View's negligence counterclaim that alleged damage to a third party's fence. In addressing a claim of insufficiency of evidence, our standard of review is well settled. We will neither reweigh the evidence nor judge the credibility of witnesses. *CSX Transp., Inc. v. Kirby,* 687 N.E.2d 611, 616 (Ind.Ct.App. 1997). Rather, we consider only the evidence most favorable to the judgment, and if substantial evidence of probative value supports the judgment, it will not be set aside. *Id.*

■ To premise a recovery on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure of the defendant to conform his conduct to the

5. The commissioner of labor is hereby authorized to take assignments of wage claims of less than eight hundred dollars ($800.00), rights of action for penalties, mechanics and other liens of workers, without being bound by any of the technical rules with reference to the validity of such assignments; and shall have power and authority to prosecute actions for the collection of such claims of persons who, in the judgment of the commissioner, are entitled to the services of the commissioner and who, in his judgment, have claims which are valid and enforceable in the court.

6. (a) It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter. The commissioner of labor may hold hearings to satisfy himself as to the justice of any claim, and he shall cooperate with any employee in the enforcement of any claim against his employer in any case whenever, in his opinion, the claim is just and valid. (b) The commissioner of labor may refer claims for wages under this chapter to the attorney general, and the attorney general may initiate civil actions on behalf of the claimant or may refer the claim to any attorney admitted to the practice of law in Indiana. The provisions of IC 22–2–5–2 apply to civil actions initiated under this subsection by the attorney general or his designee.

requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind. 1991).

■ In this case, River View claims, essentially, a duty of indemnification for negligent damage done to third-party property was created by Feign's signing a document entitled "Update on Rules For Drivers." This document states that due to the cost of repairing equipment, drivers would be "held responsible for any accidents that are at [the] drivers [sic] fault by evaluation. For example mirrors, fenders & etc." (R. at 140.) While a duty of care may arise contractually, *Williams v. R.H. Marlin, Inc.,* 656 N.E.2d 1145, 1155 (Ind. Ct.App.1995), we do not believe the language of this document affirmatively evinces an intent that Feign indemnify River View for monies it expended repairing any negligent damage to a third-party's property.

## CONCLUSION

The trial court did not err in failing to award Feign liquidated damages and attorney fees pursuant to Ind.Code § 22-2-5-2, as that section is inapplicable to the present case. By itself, § 22-2-5-2 exists to address claims related to the frequency of wage payments rather than an actual wage dispute, such as is the case here. Additionally, while § 22-2-5-2 is implicated by wage claims brought under Ind.Code § 22-2-9-4(b), Feign's claim is not covered under that statute either. The punitive provisions of § 22-2-5-2 are available only in wage claims brought by the attorney general or the attorney general's designee. The attorney general did not bring this action and there is no evidence Feign's counsel is the attorney general's designee pursuant to § 22-2-5-2.

The trial court did err, however, in awarding damages to River View on its negligence counterclaim. The document signed by Feign assuming responsibility for damages is, by its own language, limited to damages to River View's property and not the property of third parties. As such, judgment on the counterclaim must be reversed.

Affirmed in part and reversed in part.

BAILEY, J., and BROOK, J., concur.