**Jack SMITH, Appellant–Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee–Defendant.**

No. 71A03–9606–CV–195.

Court of Appeals of Indiana.

June 6, 1997.

---

Anthony M. Zappia, Zappia & Zappia, South Bend, for appellant.

Robert J. Konopa, Konopa & Murphy, South Bend, for appellee.

## OPINION

STATON, Judge.

Jack Smith appeals from the trial court's grant of summary judgment in favor of All-state Insurance Co. in this declaratory judgment action. He presents two issues for our review which we restate as follows:

I. Whether the exclusionary language in the uninsured motorists coverage section of the insurance contract violates public policy.

II. Whether the exclusionary language is ambiguous.

We affirm.

The parties have stipulated to the facts in this case. Smith was involved in an automobile accident with an uninsured, intoxicated driver. At the time of the accident, Smith was driving a delivery vehicle, owned by his employer, in the course of his employment. Smith delivered newspapers six nights a week and generally drove the same vehicle each night. The vehicle was available for Smith's use at work, but he did not drive the vehicle home or use it for personal business.

Smith purchased an automobile insurance policy from Allstate for his personal vehicle. The policy included uninsured motorist coverage. However, it contained an exclusion

for non-owned vehicles regularly used by the insured. Specifically, the policy provides:

> An **insured auto is** . . . an **auto** not owned by **you** or a **resident** relative, if being operated by **you** with the owner's permission. The **auto** can't be furnished for the regular use of **you** or any **resident** relative.

Record at 46 (emphasis in original). A similar exclusion is contained in the bodily injury liability section of the policy. That exclusion provides:

> A non-owned **auto** used with the owner's permission. This **auto** must not be available or furnished for the regular use of an insured person.

Record at 27 (emphasis in original). Both parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of Allstate and this appeal ensued.

## I.

### Public Policy

Smith first argues that the exclusionary language found in the insurance contract violates Indiana public policy and should not be enforced. The purpose of uninsured motorists insurance is to place the insured in substantially the same position as if the other party had complied with the minimum requirements of the insurance statutes. *Whitledge v. Jordan*, 586 N.E.2d 884, 886 (Ind.Ct.App.1992), *trans. denied*. Attempts to limit or diminish the uninsured motorists protection required by statute is against the public policy of this state. *American States Ins. Co. v. Braden*, 625 N.E.2d 1252, 1257 (Ind.Ct.App.1993), *trans. dismissed*. However, our courts have uniformly held that public policy is not violated unless "the policy specifically limits uninsured motorist coverage as to persons who would otherwise qualify as insureds for liability purposes." *Whitledge*, 586 N.E.2d at 887. Restated, if a person qualifies as an insured under the liability section of the policy, he must also qualify under the uninsured motorists section or the insurance contract violates public policy. *Connell v. American*

*Underwriters, Inc.*, 453 N.E.2d 1028, 1031 (Ind.Ct.App.1983), *reh. denied, trans. denied.*

Here, the exclusions in both sections of the policy are almost identical. The exclusion in the liability section is slightly more restrictive because it contains the additional phrase "available." If the vehicle Smith was driving was furnished for his regular use, he would not qualify for coverage under the liability section of the policy. The same exclusion under the uninsured motorists section does not violate public policy because it only excludes those already excluded under the liability section. It does not exclude those who would otherwise qualify as insureds. *Whitledge*, 586 N.E.2d at 887.

## II.

### Ambiguity

Next, Smith argues that even if the policy does not violate public policy, the language of the exclusion is ambiguous making summary judgment inappropriate. Our standard for reviewing the grant of summary judgment is well-settled. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

In this case, the trial court entered specific findings of fact and conclusions of law thereon. Specific findings and conclusions are neither required nor prohibited in the summary judgment context. *Althaus v. Evansville Courier Co.*, 615 N.E.2d 441, 444 (Ind.Ct.App.1993), *reh. denied*. Although

specific findings aid appellate review, they are not binding on this court. *Id.* Instead, when reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh evidence, but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

 Interpreting an insurance policy involves the same rules of construction and interpretation as other contracts. *Peterson v. Universal Fire and Casualty Ins. Co.*, 572 N.E.2d 1309, 1310 (Ind.Ct.App.1991). Summary judgment is proper if, as a matter of law, it is apparent that extrinsic evidence is unnecessary to ascertain the meaning of the policy. *Id.* If the terms of the insurance policy are clear and unambiguous, the language of the policy must be given its plain and ordinary meaning. *Id.* at 1311. Applying the unambiguous language of a contract to the undisputed facts is a question of law. *Harden v. Monroe Guaranty Ins. Co.*, 626 N.E.2d 814, 817 (Ind.Ct.App.1993), *trans. denied.*

 There is no rule in insurance policy construction that each and every term must be defined. *Id.* A term is not ambiguous simply because it is not defined. *Id.* Also, a contract is not ambiguous because a controversy exists where each party favors a different interpretation. *Id.* Instead, ambiguity results only when a contract is susceptible to more than one interpretation and reasonably intelligent men would differ as to its meaning. *Id.*

Here, the phrases "furnish" and "regular use" are not defined in the insurance policy. However, this does not render them ambiguous. *Id.* "Furnish" is defined as "to provide with what is needed, . . . supply, give." Webster's Ninth New Collegiate Dictionary, 499 (1985). "Regular" is defined as "recurring, attending, or functioning at fixed or uniform intervals . . . constituted, conduct-

ed or done in conformity with established or prescribed usages, rules or discipline." *Id.* at 992. Using these definitions to determine the meaning of the exclusion, we find no ambiguity. Smith's proposed construction of the language is not reasonable given the plain and ordinary meaning of the words.[1] Instead, the contract language is susceptible to only one reasonable interpretation. *Harden*, 626 N.E.2d at 817.

 Applying the plain meaning of the contract language to the undisputed facts, we agree with the trial court that the delivery van falls within the exception to coverage. *Peterson*, 572 N.E.2d at 1311. The vehicle was supplied for Smith's use on a uniform basis while he was at work. Thus, we conclude that the Allstate policy does not cover this accident.

Affirmed.

HOFFMAN and FRIEDLANDER, JJ., concur.

---

**1.** He argues that the vehicle must always be available for his use for the exclusion to apply. But that is not the language used in the contract. The contract provides that the vehicle must be furnished at recurring or uniform intervals; not that the vehicle must be furnished for constant use.