## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 07 2018, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Daniel A. Ladendorf
Dustin F. Fregiato
Ladendorf Law
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Mark R. Smith
Smith Fisher Maas Howard &
Lloyd, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher L. Holderman,<br>*Appellant*,<br><br>v.<br><br>Zachary A. Lewis and West Bend Mutual Insurance Company,<br>*Appellees*. | September 7, 2018<br><br>Court of Appeals Case No. 71A05-1712-CT-2751<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jenny Pitts Manier, Judge<br><br>Trial Court Cause No. 71D05-1605-CT-234 |

**Brown, Judge.**

[1] Christopher Holderman ("Holderman") appeals the trial court's grant of summary judgment in favor of West Bend Mutual Insurance Company ("West Bend"). We affirm.

## *Facts and Procedural History*

[2] On or about June 12, 2013, Christine Lewis ("Christine"), the wife of Zachary Lewis ("Zachary"), submitted an Indiana Personal Auto Application to West Bend on behalf of herself and Zachary. The application named one vehicle for coverage, a 2012 Toyota Highlander. Policy HHE 6327193 was issued to Christine and Zachary on June 13, 2013, with effective dates of June 13, 2013, to June 13, 2014, and the 2012 Toyota Highlander was the only vehicle listed on the declarations page. The Policy excluded liability coverage for the "ownership, maintenance or use of . . . [a]ny vehicle, other than 'your covered auto', which is . . . [f]urnished or available for your regular use." Appellant's Appendix Volume IV at 10-11.

[3] In 2013 and 2014, Christine drove the Highlander to work, and Zachary used a Saturn Ion to drive his children to school. At some point, the transmission in the Saturn Ion "went out." *Id.* at 179. Zachary went to his grandmother's house and obtained a gray 2004 Chevrolet Silverado pickup truck (the "Truck"), which was insured with State Farm and had previously been owned by Zachary's grandfather who had died about two years earlier. Zachary already had his own set of keys and understood that he would use the Truck until he found a new vehicle or until June 1st when his daughter's school year ended. Zachary's grandmother indicated that he could use the Truck "pretty

much just to and from [his daughter's] school and to the feed store" and that was the "only thing" for which she wanted him to use the Truck. *Id.* at 185. Zachary believed he had standing permission to use the Truck during that period of time, but would have to call his grandmother and ask for permission for something other than taking his daughter to school or going to the feed store. For about two to three weeks prior to April 29, 2014, he drove the Truck to take his daughter to and from school, drove it to the feed store probably once, paid for gas for the Truck, and kept it in his garage. On April 29, 2014, he was driving it home after picking up his daughter from school and collided with Holderman, who was driving a motorcycle.

[4]     On April 28, 2016, Holderman filed a complaint for damages alleging negligence and negligence per se against Zachary and a request for declaratory judgment against West Bend. On June 17, 2016, West Bend filed an Answer, Affirmative Defenses, and Counterclaim/Cross-Claim for Declaratory Judgment which stated that West Bend had no duty to defend or indemnify Zachary against Holderman's complaint. On August 29, 2016, West Bend filed a Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim/Cross-Claim for Declaratory Judgment. On March 20, 2017, West Bend filed a motion for summary judgment seeking judgment in West Bend's favor and against Holderman on his complaint and counter-defendant, Holderman, and cross-claim defendant, Zachary, on West Bend's counterclaim/cross-claim for declaratory judgment.

On November 7, 2017, the court entered an order finding that Zachary's use of the Truck was subject to the Regular Use Exclusion of the West Bend Policy and that West Bend had no duty under the Policy to defend or indemnify Zachary against Holderman's complaint and granting West Bend's motion for summary judgment.[1]

## *Discussion*

The issue is whether the trial court erred in entering summary judgment in favor of West Bend. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* Under Trial Rule 56(C), the moving party bears the burden of making a *prima facie* showing that

---

[1] West Bend argues this appeal is premature and the appealed order was not properly certifiable. Ind. Trial Rule 56(C) provides:

> A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

The court's order expressly states, "There being no just cause for delay, the Clerk of the Court is directed to enter judgment in favor of Defendant West Bend Mutual Insurance Company, and against Plaintiff, Christopher L. Holderman, only, accordingly." Appellant's Appendix Volume II at 11. Thus, we do not find West Bend's argument persuasive.

there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Klinker v. First Merchs. Bank, N.A.*, 964 N.E.2d 190, 193 (Ind. 2012). If it is successful, the burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of material fact. *Id.* In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials. *Catt v. Bd. of Comm'rs of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002).

[7] Insurance policies are contracts subject to the same rules of judicial construction as other contracts. *State Farm Mut. Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 619 (Ind. 2016). Interpretation of a contract is a pure question of law and thus, is reviewed de novo. *Id.* Insurers are free to limit the coverage of their policies, but such limitations must be clearly expressed to be enforceable. *Id.* "Where provisions limiting coverage are not clearly and plainly expressed, the policy will be construed most favorably to the insured, to further the policy's basic purpose of indemnity." *Id.* (quoting *Meridian Mut. Ins. Co. v. Auto-Owners Ins. Co.*, 698 N.E.2d 770, 773 (Ind. 1998)). When construing the language of an insurance policy, a court should construe the language of an insurance policy so as not to render any words, phrases or terms ineffective or meaningless. *Id.*

[8] Holderman argues that Zachary's restricted and limited use of the Truck did not constitute regular use under the West Bend Policy and that the court should have denied West Bend's motion for summary judgment. He maintains that Zachary used the Truck for the limited purpose of transporting his daughter

back and forth from school and that the Truck was not "available" or "furnished" for Zachary's actual "use." Appellant's Brief at 15.

[9] West Bend responds that Zachary had keys to the Truck and had standing permission to use it to drive his daughter to and from school and to pick up feed for his animals. It maintains that Zachary treated the Truck as his own vehicle, took care of the Truck and paid for gas, and that the facts establish as a matter of law that the Truck was furnished or available for Zachary's regular use.

[10] Holderman and West Bend are requesting the Court to interpret the insurance policy's "furnished or available for . . . regular use" provision. Under "EXCLUSIONS," the West Bend Policy provides: "We do not provide Liability Coverage for the ownership, maintenance or use of . . . [a]ny vehicle, other than 'your covered auto', which is . . . [f]urnished or available for your regular use." Appellant's Appendix Volume IV at 11. The Policy defines the term "[y]our covered auto" in part as "[a]ny vehicle shown in the Declarations." *Id*. at 9.

[11] In *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220 (Ind. Ct. App. 1997), this Court examined the phrases "furnish" and "regular use." Utilizing dictionary definitions, we defined "furnish" as "to provide with what is needed, . . . supply, give." 681 N.E.2d at 223 (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY, 499 (1985)). We defined "regular" as "recurring, attending, or functioning at fixed or uniform intervals . . . constituted, conducted or done in conformity with established or prescribed usages, rules or

discipline." *Id.* (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY, 992).

[12] Holderman cites *Buckeye State Mut. Ins. Co. v. Carfield*, 914 N.E.2d 315 (Ind. Ct. App. 2009), *trans. denied*. In that case, Keith Carfield and his father Weldon Carfield were farmers, and each farmed approximately 600 acres on their respective farms. *Carfield*, 914 N.E.2d at 317. Weldon purchased a Chevy Silverado to use as a farm truck, which was available for Keith's use. *Id.* Any use of the vehicle by Keith was almost exclusively during the spring planting period and the fall harvest period and Keith did not have to ask Weldon for permission to use the truck for farm purposes. *Id.* At all times, the keys were left in the truck, and Keith did not have his own set of keys. *Id.* On October 9, 2004, Keith was involved in a car accident while driving the truck. *Id.* At the time, the truck was insured by Weldon. *Id.* The truck was not listed on Keith's auto liability insurance policy with his insurer, Buckeye State Mutual Insurance Company ("Buckeye"), and was not a "covered auto" pursuant to the policy. *Id.* Keith's policy provided that Buckeye did not provide liability coverage for the ownership, maintenance, or use of any vehicle which is "[f]urnished or available for your regular use." *Id.* The trial court concluded that the truck was not furnished to or available for Keith's regular use, that the policy exclusion was not applicable, and that Keith was entitled to coverage under his policy with Buckeye. *Id.* On appeal, we noted that there were an aggregate sixty-two days per year that Keith might be driving the truck, that Keith kept the truck

overnight at his farm a few times, and that Keith did not have his own set of keys. *Id.* at 319. We held:

> Although the facts before us indicate that there was a clear periodic use of the Silverado by Keith, we agree with the trial court that this does not reach the level of consistent, regular use called for under the policy's exclusion. Because the vehicle is a farm truck, twice yearly and for a limited time, the vehicle would be used on Keith's fields. However, depending on who was driving the heavy farm equipment, Keith or Weldon would be driving the truck. Thus, even during these sixty-two days that the truck was available for Keith's use, it was not furnished to him nor did he drive the Silverado on a routine or recurring basis. Therefore, we find that the exclusion does not apply and Keith is entitled to coverage under Buckeye's policy.

*Id.*

[13]     The record here, unlike in *Carfield*, reflects that Zachary had his own keys to the Truck, that he kept the Truck overnight on a daily basis during the two to three-week period prior to the accident, and that he used the Truck on a routine and recurring basis during the same period. Zachary believed he had "[s]tanding permission" to use the Truck for the transportation of his daughter to and from school and to go to the feed store. Appellant's Appendix Volume IV at 187. The trial court did not err in granting West Bend's motion for summary judgment. *See Smith*, 681 N.E.2d at 223 (holding that a delivery van owned by the plaintiff's employer which the plaintiff drove in the course of his employment six nights a week but did not drive home or use for personal business fell within the exception to coverage of a vehicle furnished for his

regular use); *Myles v. Gen. Agents Ins. Co. of America, Inc.*, 197 F.3d 866, 869-870 (7th Cir. 1999) (holding that the use of a car "only to drive to and from work for a few days before the accident" was "clearly routine" and that the use of a vehicle as transportation to and from work on a routine and recurring basis over the course of several days fell within the scope of the regular use exclusion of an insurance policy, and affirming the grant of summary judgment in favor of the insurer).

## Conclusion

[14] For the foregoing reasons, we affirm the trial court's grant of West Bend's motion for summary judgment.

[15] Affirmed.

Bailey, J., and Crone, J., concur.